UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
           **JUDGE**

# LETTER OPINION

November 29, 2010

Jeff Lichtenstein
P.O. Box 655
Dover, NJ
*Pro Se Plaintiff*

Joshua Bachrach
Wilson Elser Moskowitz Edelman & Dicker, LLP
Independence Square West
The Curtis Center
Suite 1130 East
Philadelphia, PA 19104
*Attorneys for Defendant*

Re: *Lichtenstein v. Personal Care Insurance a/k/a Coventry Health Care Plan*
   Civil Action No. 10-2982 (WJM)

Dear Litigants:

This matter comes before the Court on the motion by Defendant Personal Care Insurance of Illinois, Inc. ("Personal Care") to dismiss the complaint filed by *pro se* Plaintiff Jeff Lichtenstein ("Lichtenstein"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Fed. R. Civ. P. 12(b)(6).  Oral argument was not held.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's motion for leave to file opposition out of time is denied, but Plaintiff is advised that because the

---

[1] Defendant was incorrectly named in the complaint as Personal Care Insurance a/k/a Coventry Health Care Plan

complaint was dismissed without prejudice, he is entitled to file an amended complaint that conforms with this opinion within 30 days.

**I.   BACKGROUND**

Plaintiff is an individual who formerly received health insurance coverage from Defendant through his employer.  (Plaintiff's Complaint, hereinafter "Cmplt.").  When his employment was terminated, Plaintiff was entitled to receive continued health care coverage from Defendant pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") for as long as he made monthly premium payments.  (Ex. to Cmplt).  In January 2010, Defendant was notified that Plaintiff had ceased making payments as of the previous May and terminated his coverage.  (*Id.*).  Nevertheless, Lichtenstein submitted claims to Defendant seeking coverage for medical treatment sought and obtained after the termination date.  (*Id.*).  Defendant denied these claims.  (*Id.*).  Plaintiff appealed the denial, but Defendant affirmed its decision in a letter dated April 20, 2010.  (*Id.*).  The letter stated that, as set out in the PersonalCare PPO Evidence of Coverage document, benefits were to continue until the end of the time period for which premium payments were made only.  (*Id.*).  Because Personal Care had received notice that Lichtenstein had paid his COBRA premiums through May 24, 2009, only, his coverage was terminated as of November 30, 2009, presumably the end of the relevant period.  (*Id.*).  Therefore, the letter continued, any claims incurred after the termination date were ineligible for coverage.  (*Id.*).  The letter concluded by stating that Plaintiff had the right, at his own expense, to pursue binding arbitration or an action in federal court pursuant to § 502 of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*  (*Id.*).

After receiving the letter from Personal Care, Lichtenstein filed suit in New Jersey Superior Court, Morris County, alleging state law claims (despite the provision in the letter stating that Plaintiff had the right to sue in federal court, pursuant to the federal ERISA statute). The complaint contains the following allegations: (1) Personal Care had participated in a scheme with Lichtenstein's former employer to terminate his health care coverage and backdate the termination nearly five months; (2) Personal Care knowingly permitted Lichtenstein's former employer to backdate termination of coverage, causing him undue financial hardship when his claims were denied; and (3) Personal Care's actions constituted consumer fraud under state law, entitling Plaintiff to treble damages. Personal Care removed the case to Federal Court pursuant to ERISA's preemption and removal provision, § 502.  Personal Care then moved to dismiss the complaint for failure to state a claim, on the grounds that the complaint consisted entirely of state law claims preempted by ERISA.  Lichtenstein failed to oppose the motion in a timely manner but has now requested leave to file opposition out of time.  Presently before the Court are Defendant's  motion to dismiss and Plaintiff's motion for leave to file opposition out of time.

**II.   ANALYSIS**
  **A.   Standard of Review**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations, a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, the grounds of the plaintiff's entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *See id*. at 1964-65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations. *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B.   Defendant's Motion to Dismiss

Plaintiff's complaint relies upon state law remedies in an attempt to obtain medical benefits to which Lichtenstein believes he is entitled, pursuant to the terms of a health insurance policy he received from his former employer. (Cmplt.) However, according to the language of the statute, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44-45 (1987). When a federal court determines that a claim is preempted, typically it will dismiss the cause of action. *See Sola Elec. Co. v. Jefferson Elec. Co.*, 317 U.S. 173 (1942).

Pursuant to the language of the ERISA statute, an employee benefit plan is defined as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer… to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries through the purchase of insurance or otherwise… medical, surgical, or hospital care of benefits…" 29 U.S.C. § 1002(1). The Third Circuit has held that a health care plan is a covered employee benefit plan if a reasonable person could identify the intended benefits, class of beneficiaries, source of financing for the plan, and procedures for receiving benefits based on the surrounding circumstances. *Smith v. Hartford Ins. Group*, 6 F.3d 131, 136 (3d Cir. 1991). Based upon the allegations in the complaint, these requirements are satisfied here. The intended benefits are the medical benefits that Plaintiff seeks, the class of beneficiaries are the insured parties, the source of

3

financing is the policy issued by Personal Care, and the procedures for receiving benefits are stated in the policy documents. Therefore, it is evident that the plan at issue here meets the statutory definition and is governed by ERISA.

Once a court concludes that an employee health plan is covered by ERISA, the court must next consider whether the claim "relates to" an employee benefit plan such that it is expressly preempted by § 514 of the ERISA statute.[2] *Alston v. Atlantic Elec. Co*., 962 F.Supp 616, 622 (D.N.J. 1997). To resolve this inquiry, a court must ask whether the existence of the ERISA plan is critical in establishing liability. *1975 Salaried Retirement Plan v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992). If the Court answers this question in the affirmative, the claim relates to the plan and is preempted. *Id*.; *see also Ingersoll-Rand Corp. v. McClendon*, 498 U.S. 133, 140-41 (1990).

Here, it is apparent that Plaintiff's claims could not exist if there were no health insurance plan. Therefore, they relate to the plan. Moreover, courts in this circuit have routinely held that claims such as those brought by Plaintiff are preempted and must be dismissed. *See Pryzbowski v. U.S. Healthcare, Inc.,* 245 F.3d 266, 278 (3d Cir.2001) ("suits against insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract" are preempted by § 514(a)"); *Pilot Life,* 481 U.S. at 48 (a plaintiff's claims for tortious breach of contract and bad faith related to the denial of benefits and without a doubt were preempted by § 514(a)); *Majka v. Prudential,* 171 F.Supp.2d 410, 413 (2001) ("there is no question that ERISA [§ 514(a) ] preempts Plaintiff's state law claims for breach of contract and breach of the implied duty of good faith and fair dealing."). As such, Plaintiff's complaint is preempted by ERISA in its entirety and must be dismissed.

---

[2] There exists a second type of ERISA preemption, known as complete preemption, pursuant to ERISA § 502(a). 29 U.S.C. § 1132. ERISA § 502(a) provides in pertinent part that a "civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132. This is referred to as ERISA's civil enforcement scheme. It is designed to be comprehensive as well as exclusive. Therefore, any state law cause of action that attempts to replicate, supplement, or supplant this subsection is completely preempted. *Aetna Health v. Davila,* 542 U.S. 200*,* 209 (2004). Furthermore, the preemptive effect of the civil enforcement provision is so extraordinary that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Therefore, causes of action that fall within the scope of § 502(a) are properly removable to federal court. Once removed, however, they must be dismissed because of complete preemption or converted into a proper ERISA claim. *DiFelice v. Aetna U.S. Healthcare,* 346 F.3d 442, 446 (3d Cir.2003). Because Plaintiff's claims actually complain of Defendant's failure to provide him with medical benefits allegedly owed to him, they seek to replicate ERISA's civil enforcement scheme and thus are preempted by § 502(a) as well as § 514 (even though Defendant chose to focus its dismissal analysis on § 514 preemption). Indeed, it was because Plaintiff's claims were also preempted by § 502(a) that Defendant was able to remove the complaint to federal court; the removal papers cite to § 502(a) (also known as 29 U.S.C. § 1132), not to § 514 (also known as 29 U.S.C. § 1144) and § 514 preemption alone does not necessarily confer federal jurisdiction.

C.   **Plaintiff's Motion for Leave to File Opposition Out of Time**

Plaintiff seeks leave to oppose Defendant's motion out of time. The Court frequently grants *pro se* plaintiffs consideration that would not be extended to ordinary plaintiffs represented by competent counsel. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There is also a preference in the Third Circuit for matters to be fully adjudicated on the merits, with input from both sides. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1188 (3d Cir. 1984). Nevertheless, the Court here believes that it would not be in Plaintiff's best interest to allow him to file an opposition brief, because preemption of the types of claims articulated in the complaint is statutorily mandated and not subject to the Court's discretion. Therefore, the Court does not believe there are any substantive arguments available to Plaintiff that could save his claims from preemption. Allowing Plaintiff to file opposition would be futile and thus the motion is denied. However, as stated in the April 2010 letter from Defendant, Plaintiff is entitled to file a claim in federal court pursuant to ERISA § 502(a). Indeed, § 502(a) expressly provides that an individual or plan participant may file a civil action to recover benefits allegedly due to him under the terms of the plan. 29 U.S.C. § 1132. If Plaintiff can plead facts sufficient to allege that the medical treatment he received after November 30, 2009 was eligible for coverage, he is entitled to re-write his claims in a manner that is cognizable under ERISA and file an Amended Complaint.

## III.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE**. Further, Plaintiff's request for treble damages is **DENIED**. Plaintiff has 30 days to file an amended complaint that conforms with this opinion. Should Plaintiff fail to file an amended complaint within 30 days, the Court shall *sua sponte* dismiss the complaint with prejudice. Plaintiff's motion for leave to file opposition out of time is **DENIED**. An appropriate order follows.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**